No. 89-125

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

ANNA G. REITER,

       Plaintiff and Respondent,

  vs.

EDWARD L. REITER,

       Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

      For Appellant: Edward L. Reiter, pro se, Billings, Montana

      For Respondent:  Fred E. Work, Jr., Billings, Montana

---

Submitted on Briefs: September 21, 1989

Decided:   January 4, 1990

Filed:

FILED

'90 JAN 4 AM 11 22

ED SMITH, CLERK
MONTANA SUPREME COURT

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Anna G. Reiter, mother of defendant and appellant, filed an unlawful detainer action in Justice Court, Billings Township, Yellowstone County, seeking to remove defendant, Edward L. Reiter, from her property. The Justice Court ruled in favor of Anna and ordered Edward to vacate the premises. Edward appealed to the Thirteenth Judicial District Court, which also found in favor of Anna. Edward now appeals to this Court. We dismiss the appeal as frivolous.

It is difficult to ascertain from Edward's rambling and incoherent brief exactly what issues he raises on appeal. It appears that his contentions are as follows:

1. Whether the District Court proceedings violated Edward's due process rights; and

2. Whether the District Court erred in finding that Edward was a tenant at will.

Plaintiff, Anna Reiter, who is over 80 years of age, is the sole owner of agricultural property in Yellowstone County. For a number of years, she allowed her adult son Edward, the defendant in this case, to reside on the property.

In 1986, Edward placed a lien on the property. In 1988, the District Court extinguished the lien and quieted title in Anna. We affirmed that action in Reiter v. Reiter (Mont. 1989), 772 P.2d 314, 46 St.Rep. 751.

On April 8, 1988, Edward was served with a Notice to Terminate Unspecified Lease, To Remove Personal Properties and To Return Production Monies. When Edward failed to comply with the notice, Anna filed this unlawful detainer action in Justice Court.

Following a hearing at which Edward appeared pro se, the Justice Court found in favor of Anna, ordering Edward to vacate the property and to pay Anna's reasonable attorney's fees. In July, 1988, Edward filed a timely appeal for trial de novo in the District Court.

On October 19, 1988, the District Court dismissed the appeal because Edward had failed to file an undertaking. On December 16, 1988, the court reinstated the appeal, allowing Edward to forego the undertaking due to his indigence. At that time, the Court set trial for December 28, 1988. Edward's subsequent motion to continue the trial was denied and trial proceeded as scheduled on December 28. Edward failed to attend the hearing, choosing instead to file a document entitled Trial De Novo Submitted on Points of Law in Absentia in which he stated that he was unable to obtain a lawyer on such short notice and he refused to be cross-examined without the presence of counsel.

The District Court found in favor of Anna and ordered Edward to leave the farm. He now appeals to this Court.

After reviewing the file, we hold that Edward was afforded adequate due process. Edward claims that he did not have adequate time to obtain an attorney or conduct discovery. These contentions stretch the imagination. Five months elapsed from the time Edward filed notice of appeal to the time of trial. Although the appeal was dismissed and reinstated during that time, these actions did not prevent Edward from procuring the services of counsel. Moreover, once the District Court granted Edward's motion for leave to appeal without an undertaking, it was obliged to expedite the matter in order to prevent the possible destruction of Anna's property during the pendency of the action.

Edward also complains that he was not allowed a trial by jury. The argument is frivolous. A party desiring a jury

trial must file a demand before the commencement of the proceeding or the right to a jury will be waived. Section 25-31-804, MCA. At no time did Edward demand a jury trial.

Edward's second issue also lacks merit. Substantial credible evidence supports the District Court's finding that Edward was a tenant at will. The evidence established that Anna was the sole record owner of the property, that she allowed Edward to reside on the property for an indeterminate time without a specific lease and that he had been served with proper notice to leave the premises. As Edward elected not to attend the trial, the record is devoid of any evidence to refute these facts.

Our consideration of the record leads us to conclude that this appeal has been taken without substantial or reasonable grounds. We therefore award sanctions against Edward pursuant to Rule 32, M.R.App.P., in the amount of $500. The sanction shall be paid to the plaintiff, Anna Reiter.

Appeal dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -